**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 13 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 03-37774 |
| | ) | |
| Philip W. Lohmeyer | ) | Chapter 7 |
| Deaanne M. Lohmeyer, | ) | |
| | ) | Adv. Pro. No. 06-3458 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Philip W. Lohmeyer | ) | |
| Deaanne M. Lohmeyer, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Alvin's Jewelers, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OF DECISION AND ORDER**

**RE MOTION TO DISMISS AND AMENDMENT OF COMPLAINT**

Alvin's Jeweler's ("Defendant") is before this court on its Motion to Dismiss [Doc #4] this adversary proceeding. Defendant contends that the complaint should be dismissed for failure to state a claim under

Fed. R. Civ. P. 12(b)(6), applicable to this proceeding through Fed. R. Bankr. P. 7012(b). After reviewing the motion and the opposing memorandum filed by Plaintiffs Philip W. Lohmeyer and Deeanne M. Lohmeyer ("Plaintiffs"), the court will hold the motion in abeyance and allow Plaintiffs leave to amend the complaint, absent which the Motion to Dismiss will be granted.

Plaintiffs were the Debtors in underlying Chapter 7 Case 03-37774 in this court. They filed the complaint in this adversary proceeding on August 19, 2006. [Doc #1]. No answer has been filed and no discovery has occurred due to the filing of the motion to dismiss. The court has jurisdiction over Plaintiffs' underlying Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. *See* 28 U.S.C. § 157(a). Proceedings relating to the bankruptcy discharge and the adjustment of the debtor-creditor relationship are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(J) and (O). Defendant argues without citing any cases that the court does not have jurisdiction over this adversary proceeding in the absence of the underlying Chapter 7 case being reopened. The court disagrees. As other courts have determined, "the fact that a case is or is not closed merely relates to its administrative status, which does not affect a bankruptcy court's jurisdiction to determine matters relevant to the case." *In re Taylor*, 216 B.R. 515, 521-22 (Bankr. E.D. Pa. 1998); *Singleton v. Wells Fargo Bank, N.A.*, 269 B.R. 270, 276 (Bankr. D.R.I. 2001)(citing long list of authorities for the same proposition), *rev'd on other grounds,* 284 B.R. 322 (D.R.I. 2002); *Sterling Vision, Inc. v. Sterling Optical Corp. (In re Sterling Optical Corp.)*, 302 B.R. 792, 808 (Bankr. S.D.N.Y. 2003); *Geruschat v. Ernst & Young, LLP (In re Earned Capital Corp.)*, 331 B.R. 208, 217 (Bankr. W.D. Pa. 2005).

The complaint is a mixture of factual allegations appropriate to a complaint [¶¶ 1, 2, 3, 4, 6(first three sentences)] and mostly speaking legal argument [¶¶ 5, 6(last three sentences and footnote), 7-11] generally inappropriate to a complaint under the basic rules of pleading set forth in Fed. R. Bankr P. 7008 and Fed. R. Civ. P. 8.[1] There are four exhibits attached to the complaint. They become part of the complaint for pleading purposes under Fed. R. Bankr. P. 7010 and Fed. R. Civ. P. 10(c).

The court discerns the following factual allegations from the complaint and the attached exhibits: Plaintiffs filed a voluntary petition for relief in the underlying Chapter 7 Case No. 03-37774 on September 29, 2003. Plaintiffs scheduled Defendant as an unsecured creditor owed $1,493.70 on their Schedule F. [Ex. A]. Defendant was given notice of the commencement of the Chapter 7 case by notice mailed on October

---

[1]No motion to strike under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(f) has been filed.

3, 2003, c/o a law firm in Cleveland, Ohio. [Ex. B]. Defendant did not object to the dischargeability of Plaintiffs' debt to it and Plaintiffs received their Chapter 7 discharge on February 26, 2004. [Complaint ¶4, Ex. D]. Defendant was notified of the discharge c/o the same law firm in Cleveland, Ohio. *Id.* Plaintiffs aver that Defendant has continued to report to or failed to update the status of the balance due with credit reporting agencies post-discharge as shown by an alleged credit report for Plaintiff Philip Lohmeyer [Ex. C]. Page 1 of 8, only, of a document from an entity called Credit Infonet and titled Consumer Liability Report is attached as Exhibit C and incorporated into the pleading averments in support of this allegation. The date on the document is "Ordered On" and "Completed On" on April 4, 2006. The Applicant Name is only Philip Lohmeyer. The entry for Alvin's Jeweler's shows a Date Opened /Date Last Reported of 04-96/ 08-03. Under one column captioned Current Balance the number $1,493 appears. The contact information for Defendant on the document is an address in Solon, Ohio that is different than the address scheduled by Plaintiffs in their Chapter 7 at which notice was given to Alvin's Jeweler's. Plaintiffs allege that Defendant has continued reporting the debt [Complaint ¶¶ 4, 6 (second sentence)] and that the continued reporting of this debt as a liability of Plaintiffs or the failure to update its status is an effort to continue collection of the debt notwithstanding their Chapter 7 discharge. [Complaint, ¶ 6 (third sentence)].

The demand for judgment in the complaint as required by Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a) refers to Bankruptcy Code section number 11 U.S.C. §§ 524 and 727. The ad damnum clause seeks an injunction, and compensatory damages of more than $5,000, punitive damages, and legal fees.

The standard for granting a motion to dismiss at the pleading stage is hard to meet. Case law is replete with references to such motions as disfavored and rarely granted. *See, e.g*, *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). As one court put it, the threshold of sufficiency to which a complaint is held at the motion to dismiss stage is "exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). For Defendant to prevail on its Motion to Dismiss under Rule 12(b)(6), it must "appear beyond doubt that the Plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *see also Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 854 F.2d 802, 807 (6th Cir. 1988). When considering a motion to dismiss, the court is bound to view the record in a light most favorable to the plaintiffs and assume as true any facts presented by the plaintiffs. *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor Danek Group, Inc.),* 123 F.3d 394, 400 (6th Cir. 1997).

Plaintiffs' factual allegations attempt to state a cause of action for violation of the discharge

3

injunction of 11 U.S.C. § 524. A Chapter 7 bankruptcy discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter ... ." 11 U.S.C. § 727(b). In order to effectuate the "fresh start" intended by the grant of a discharge in bankruptcy, Congress provided that a discharge "operates as an injunction against ... an act, to collect, recover or offset any such debt [discharged under section 727] as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

In this case, Plaintiffs allege that Defendant's continued reporting of or failure to update their account after their Chapter 7 discharge with a balance of $1,493.70 is an effort to collect the debt in violation of the discharge injunction. In the Sixth Circuit there is no statutory private right of action for damages under 11 U.S.C. § 524 or 11 U.S.C. § 105 for violation of the discharge injunction. *Pertuso v. Ford Motor Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000). However, violation of the discharge injunction does expose a creditor to potential contempt of court. *Id.*; *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). "A creditor who undertakes to collect a discharged debt from a debtor violates the discharge injunction and is in contempt of the court that issued the discharge order." *Fonner v. Overdorf (In re Fonner)*, 262 B.R. 350, 358 (Bankr. W.D. Pa. 2001).[2] If the contempt is established, the injured party may be able to recover damages as a sanction for the contempt. *Chambers v. Greenpoint Credit (In re Chambers)*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005).

In asking for dismissal of this claim at the pleading stage, Defendant overstates the law involving

---

[2] The distinction between a statutory right of action and civil contempt is more than just nomenclature. "The primary purpose of a civil contempt order is to compel obedience to a court order and compensate for injuries caused by noncompliance." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000)(quoting *TWM Manuf. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). The party alleging contempt has the burden of establishing contempt by clear and convincing evidence, *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 729 (6th Cir. 1996), not just by a preponderance of the evidence as is routine in civil matters. The sanctions for contempt are intended to be either compensatory, based on evidence of actual loss, *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391 (6th Cir. 1991), or coercive through payments to the court to abate violation of the order, *id.* at 1400. Punitive damages as requested in the ad damnum clause in this case are not compensatory in nature and raise the issue whether criminal sanctions are sought to punish the alleged contemnor. The weight of authority is that bankruptcy courts lack authority to punish and impose sanctions for criminal contempt. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1192-1195 (9th Cir. 2003); *but see In re Perviz*, 302 B.R. 357, 373 (Bankr. N.D. Ohio 2003). Lastly, the imposition of sanctions for civil contempt is within the sound discretion of the bankruptcy court and reviewed for abuse of discretion. *Musslewhite v. O'Quinn (In re Musslewhite)*, 270 B.R. 72, 78 (S.D. Tex. 2000).

4

the interplay between credit reporting and violation of the discharge injunction. The only case upon which Defendant relies is a decision rendered by another judge of this court. *Irby v. Fashion Bug, (In re Irby),* 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005). Contrary to Defendant's argument, *Irby* acknowledges that there are certain situations in which reporting a debt can be considered an act sufficient to violate the discharge injunction, "if the act of reporting a debt was undertaken for the specific purpose of coercing the debtor into paying the debt, a violation of the discharge injunction could be established." *Id.* While *Irby* held that there was not a violation of the discharge injunction in that case, the key reasoning applicable to the current case is the possibility that simply reporting a debt may be a violation of the discharge injunction depending on the purpose and circumstances of the report. The decision in *Irby* was rendered in the context of default judgment where plaintiffs were put to their proofs, fell back on the complaint and were found to be lacking by the court.

Notably the post-discharge document attached to the complaint in this case does show a debt owed to Defendant by Plaintiff Philip Lohmeyer with Current Balance of $1.493. It does in fact suggest to a reviewer that Plaintiff Philip Lohmeyer has personal liability for the debt with a "Current Balance" of $1,493 as of April 4, 2006, at a time when he in fact no longer had any personal liability to Defendant due to his discharge more than two years earlier. If Plaintiff Philip Lohmeyer can prove that Defendant inaccurately reported or failed to update the status of the debt as a current liability of Plaintiff's as shown on the April 4, 2006, document for the purpose of coercing payment by Plaintiffs notwithstanding the discharge, which would essentially amount to lying in passive wait, then in this court's view a violation of the discharge injunction will have occurred without other overt collection action such as letters or harassing telephone calls. Defendant's motive in making a credit notation is material. *See In re Singley*, 233 B.R. 170, 174 (Bankr. S.D. Ga. 1999)(automatic stay violation case in which court denied summary judgment finding that "even if it is true that Movant's report to the credit bureau contains truthful information that is a matter of public record, such a report, if made with the intent to harass or coerce a debtor and/or co-debtor into paying a pre-petition debt, could violate the automatic stays [sic]...."). Putting together two paragraphs of the Complaint with Exhibit C, Plaintiffs do make the barest of allegations in the complaint that Defendant has continued to report the debt as due or intentionally failed to update the report by leaving the erroneous current balance in place in order to collect the debt. [Complaint, ¶¶ 4, 6 (first three sentences)]. Simply put, additional overt collection actions do not have to be pleaded or necessarily proven in order for Plaintiffs to prevail on a theory of contempt of court. The standard for pleading under Fed. R. Civ. P. 8 is simple

5

notice pleading. The complaint puts Defendant on notice of a cognizable claim for contempt due to violation of the discharge injunction by an action or inaction intended to collect a discharged debt. The court cannot find from the allegations therein and existing non-binding precedent that Plaintiffs can prove no set of facts that would entitle them to relief.

Another relevant case, although not one cited by Defendant, is *Lover v. Rossman and Co. (In re Lover)*, 337 B.R. 633 (Bankr. N.D. Ohio 2005). *Lover* was dismissed by the bankruptcy court upon a properly supported motion for summary judgment filed by the creditor defendant affirmatively showing that it had requested all major credit reporting agencies to delete Plaintiff's account, factually negating contemptuous motive. The motion for summary judgment was unopposed. *Lover* is instructive in this case in the same way *Irby* is, namely the procedural posture is different than on a motion to dismiss where all the allegations of the complaint must be taken as true.

Of similar relevance is *Gordon v. Summit Bank (In re Gordon)*, Case No.99-33342DAS, Adv. No. 00-0194, 2000 Bankr. LEXIS 596 (Bankr. E.D. Pa., June 1, 2000), which involved a judgment in favor of the defendant bank <u>after trial</u>. The evidence at trial showed that the party making the problematic report was not the defendant bank, but an entity called Chex System not even a party to the lawsuit. More significantly to the instant case, however, before trial in *Gordon* the court had denied defendant's Rule 12(b)(6) motion to dismiss on the pleadings because "we were not prepared to rule that there was an insuperable bar' to the Debtor's claim as a matter of law..." Noting the dearth of case law on these issues, which persists to this day, the court relied on *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1992) (citing *In re Spaulding,* 116 Bankr. 567, 570 (Bankr. S.D. Ohio 1990)), in denying the motion to dismiss. The issue in *Sommersdorf* was whether a violation of the automatic stay had occurred. The court noted in that context that a notation of debt on a credit report "[is] just the type of creditor shenanigans intended to be prohibited by the automatic stay."

In *In re Goodfellow*, 298 B.R. 358 (Bankr. N.D. Iowa 2003), the court ruled against defendant after an evidentiary hearing at which it failed to appear. In addition to continued credit reporting, plaintiff proved numerous contacts by creditor Discover Financial Services in an effort to collect a debt both pre-discharge and post-discharge. Although additional conduct beyond credit reporting was sufficient to establish creditor liability in *Goodfellow*, that case does not stand for the legal proposition advanced by Defendant here that both credit reporting <u>and</u> additional collection efforts are necessary predicates to a violation of the discharge injunction through the credit reporting process.

6

On the other hand, in several cases not cited by Defendant, albeit all unreported, courts addressing the same type of claim in the same procedural posture as this case denied creditors' motions to dismiss. In *Smith v. American General Finance, Inc.,* Bankr. No. 00-02375, 2005 Bankr. LEXIS 2481, at *6, 2005 WL 3447645, at *2 (Bankr. N. D. Iowa Dec. 12, 2005), the bankruptcy court observed in the same procedural context as in this case that "[as] there is some precedent for the finding of a violation of the discharge injunction from a credit report notation made with the intent to collect a debt ... [t]he Motion to Dismiss must be denied." *See also Norman v. Applied Card Sys. (In re Norman)*, Case No. 2006 Bankr. LEXIS 2576 (Bankr. M.D. Ala. September 29, 2006)(same). Likewise the federal district court in *Carriere v. Proponent Fed. Credit Union,* 2004 U.S. Dist. LEXIS 14095, * 22--*23, 2004 WL 1638250 (W.D. La. July 12, 2004), denied a motion to dismiss on the pleadings a claim for violation of the discharge injunction involving credit reporting. In refusing to dismiss plaintiff's bankruptcy claims, the court noted that there is not even a requirement "that plaintiff plead that the credit furnisher intended to collect a debt when it filed an adverse report." *Id*. While this court disagrees with this last statement, Plaintiffs have so averred in this case.

In addition to its legal arguments, Defendant asserts that facts outside of the record justify dismissal at this stage of the case. Facts asserted in Defendant's motion include that Defendant wrote off the debt in August 2003, before the bankruptcy case, and that no further reports on the debt in issue of any kind were made to any credit bureaus after August 2003. At this stage of the case, these "facts" and the attached documents are simply unsupported argument by Defendant. While they may ultimately constitute a complete defense on the merits and a basis for summary judgment, facts outside the complaint and its attachments cannot be considered by the court in the procedural context of a Rule 12(b)(6) motion to dismiss for failure to state a claim at the pleading stage. The court is limited to considering the pleading in issue, documents attached to the pleading and matters of which the court may take judicial notice. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996)*; Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514-15 (6th Cir.1999). Matters outside the pleading may not be considered unless the court gives the parties notice and treats the motion as a motion for summary judgment under Rule 56, which the court declines to do here because none of Defendant's factual averments are supported by admissible evidentiary material, such as affidavits, comporting with the standards of Fed. R. Civ. P. 56. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b).

The court does, however, have concerns as to whether Plaintiffs have sufficiently alleged an injury

in fact to achieve standing to proceed. As Plaintiffs are limited to a cause of action for civil contempt of the discharge injunction, there are two kinds of civil fines that the court may impose. *In re Sherelle M. Walker*, 257 B.R. 493, 498 (Bankr. N.D. Ohio 2001). One kind is intended to compensate for damages caused by the contemnor's noncompliance and must be based on evidence of actual loss. *Id.* "The second kind of fine is 'payable to the court, but the contemnor can avoid paying the 'fine' by performing the act required by the court's order'." *Id.* (quoting *United Sates v. Bayshore Assocs., Inc.*, 934 F.2d 1391 (6th Cir. 1991)(quoting *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)).

The ad damnum clause demands damages, which the court liberally interprets as seeking the first type of compensatory fine that might be awarded as sanctions for contempt. Plaintiffs do not request that the court impose the second type of fine, which would be payable only to the court.[3] But the complaint does not show any facts alleging any injury to Plaintiffs, let alone an injury supporting a compensatory fine for contempt payable to Plaintiffs. Rather than pleading facts setting forth an injury supporting a compensatory fine, Paragraphs 5 through 11 of the complaint cite the New York Times and a website, and make generalized arguments, citing cases inappropriately, about hypothetical general damage that might arise from credit reporting. These speaking legal arguments are not facts showing that Plaintiffs have suffered or will suffer imminently any injury whatsoever, and there are no such facts anywhere in the complaint. While the court must view the record in a light most favorable to Plaintiffs and assume as true any facts presented by the Plaintiffs, the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences. *Sofamor Danek Group, Inc.,* 123 F.3d at 400 (quoting *Morgan's v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The issue of injury to Plaintiffs reaches beyond basic Rule 8 and Rule 12 pleading concerns about whether they have stated a claim for relief to the justiciability of the complaint. A plaintiff must satisfy both

---

[3]The complaint is captioned "Complaint for Injunctive Relief and Monetary Damages and Punitive Damages." As explained above, there is already a statutory injunction in place under 11 U.S.C. § 524(a). The only cause of action properly set forth is whether Defendant may be held liable for contempt for alleged violation of that statutory injunction. The court will not enter another injunction enjoining violations of the existing injunction, which is permanent. And Plaintiffs have not sought imposition of a coercive fine to be paid to the court in the event any continuing reporting that they can prove is not remedied. Thus the request for injunctive relief as a remedy is redundant surplusage that does not create redressability and resolve the standing problem due to no pleading of an injury in fact to Plaintiffs.

8

constitutional and prudential standing requirements. *See Community First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994). Standing is a "qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court," *id.,* because Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies, U.S. Const. art. III, § 2, cl.1.

> To satisfy Article III's standing requirement, a plaintiff must have some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. *See Valley Forge*, 454 U.S. at 472, 102 S.Ct. 752, 70 L.Ed.2d 700. Hence, the "irreducible minimum" constitutional requirements for standing are proof of injury in fact, causation, and redressability. *See id.* <u>A plaintiff bears the burden of demonstrating standing and must plead its components with specificity.</u> *See id.*
> In addition to the constitutional requirements, a plaintiff must also satisfy three three prudential standing restrictions. First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (citations omitted). Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. *See Valley Forge*, 454 U.S. at 474-75, 102 S.Ct. 752, 70 L.Ed.2d 700. Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *See id.* These additional restrictions enforce the principle that, "as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted."

*Coal Operators and Associates, Inc. v. Babbitt,* 291 F.3d 912, 916 (6th Cir. 2002)(quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)(underlining added)).

Plaintiffs' complaint satisfies prudential standing requirements as described by the Sixth Circuit in *Babbitt*, but its lack of any allegations of actual injury to them raises a standing issue of constitutional dimensions under Article III. Plaintiffs must allege an injury in fact or a real and immediately threatened injury to them resulting from Defendant's alleged actions that may be redressed by the relief they have requested, which is interpreted by the court as compensatory sanctions payable to Plaintiffs for contempt from Defendant's alleged violation of the discharge injunction. So far they have not done so. Their hypothetical discussions about the general importance and impact of credit reports do not set forth any actual or threatened injury to them that may be redressed through an award by the court of compensatory sanctions payable to them. Plaintiffs do not allege, for example, that they applied before the commencement of the adversary proceeding for any loans or extensions of credit or employment opportunities or housing

opportunities –all examples of situations where credit reports might be accessed and used --that were denied because of the information from Defendant appearing on the April 4, 2006, document. "It is clearly established that '[a]llegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to constitute injury in fact.'" *Rosen v. Tennessee Comm'r of Finance and Admin.*, 288 F.3d 918, 929 (6th Cir. 2002) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). The bare statement in the ad damnum clause that "Plaintiff [sic] has suffered damages in an amount over $5,000" does not serve to identify any actually compensable injury. It is Plaintiffs' burden to demonstrate standing and to "plead its components with specificity." *Babbitt,* 291 F.3d at 916.

Although Plaintiffs' complaint for contempt due to violation of the discharge injunction is defective due to the lack of allegations of injury in fact sufficient to establish their constitutional standing to proceed based on the relief they have requested, the court cannot find at this point that they can neither allege nor prove any set of facts that will entitle them to compensatory sanctions for contempt. The court will grant Plaintiffs leave to amend their complaint to plead facts demonstrating the nature of the injury in fact to them that occurred before they filed their adversary proceeding against Defendant or any injury immediately threatened at the time they filed their complaint. If the complaint is amended, Defendant shall respond by either answering the amended complaint or renewing its motion to dismiss on the basis of lack of injury and standing. If no amended complaint is filed, the court will finally grant the pending motion to dismiss. If the motion to dismiss is renewed, Plaintiffs shall be granted leave to respond, after which the court will decide whether Plaintiffs have sufficiently alleged injury in fact to establish standing and survive dismissal on the pleadings.

For the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs are granted twenty one (21) days from the date of this order to file an amended complaint alleging, with specificity, facts demonstrating their standing in this adversary proceeding. Defendant shall either file an answer or renew its motion to dismiss within fourteen (14) days after the amended complaint is filed. If the motion to dismiss is renewed, Plaintiffs must file any brief in opposition on or before fourteen (14) days after the renewed motion is filed. Plaintiffs' failure to file an amended complaint as provided in this order will result in the court's dismissal of the case by the final granting of Defendant's pending Motion to Dismiss [Doc. #4] without further notice or opportunity for a hearing. If an amended complaint and an answer to same are filed, the court will deny the balance of the pending motion to dismiss, without prejudice, and set a schedule for discovery, further motion practice and

a further pretrial conference.